WESCH *v.* COMMON COUNCIL OF DETROIT.

1. MUNICIPAL OFFICERS—FIXING SALARIES—AUTHORITY OF COUNCIL.
   Under a charter authorizing the common council to fix the compensation of municipal officers, subject only to the provision that the salary of no officer shall be diminished during the term for which he is elected or appointed, the council may, after the appointment of an officer, but before the commencement of his term, fix his salary at a sum less than that paid to the incumbent for the preceding term.

2. SAME—GOOD FAITH.
   In the absence of a contrary showing, a city council will be presumed to have acted in good faith and upon sufficient reasons in reducing the salary of an officer from $1,200 to $5 a year.

*Certiorari* to Wayne; Donovan, J.   Submitted November 6, 1895.   Decided November 19, 1895.

George W. Wesch applied to the circuit court for *mandamus* against the common council of the city of Detroit and others, to compel the allowance and payment to him of a salary at the rate of $1,200 per year, or some other reasonable salary, for his services as meat inspector. The writ was denied, and relator brings *certiorari.* Affirmed.

*Edwin F. Conely* and *Orlu B. Taylor*, for relator.

*Charles D. Joslyn*, for respondents.

McGRATH, C. J.   Relator was on June 19, 1894, appointed to the office of meat inspector of the city of Detroit, for the term ending June 30, 1895. The charter empowers the council to appoint a meat inspector, and the office is created by ordinance, which prescribes the duties, provides for the appointment by the common council, fixes the term of office at one year, ending on the 30th day of June in each year, and provides that "said inspectors

shall each receive such annual salary as the common council may determine." The charter provides that appointments to office by the common council shall be made in June of each year, and empowers the council to fix the compensation of all officers, elected or appointed, except as may be otherwise provided, but that "the compensation of no officer, fixed by an annual or periodical salary, shall be diminished during the term for which he was elected or appointed." The compensation of the meat inspector had been fixed for the year before at $1,200, but no salary had been fixed, when relator was appointed, for the year for which he was appointed. Relator qualified upon the day following his appointment. The council afterwards, but before he assumed the duties of his office, fixed the salary at $5 per annum. The term of office commenced July 1, 1894. On May 28, 1895, relator presented a claim to the council for salary at the former rate, but that body refused to allow it. Relator's petition avers that prior to the time of his appointment, for 15 years or more, there had been a meat inspector, who "had been paid a substantial salary, and the performance of the duties of his office prevented him from engaging in any other employment;" that, "in the light of the above, petitioner accepted said appointment, took the oath, and filed the prescribed bond, and from the time of such acceptance and qualification the petitioner has held himself in readiness for the discharge of the duties of the office of meat inspector, and from July 1, 1894, to and including the present moment [June 24, 1895], the petitioner has held the office of meat inspector, and performed the duties of such office to the best of his ability." The petition further avers that the common council bases its refusal to pay on the resolution assuming to fix the compensation at five dollars per annum, and that the action of the council in fixing the salary at five dollars, under the circumstances, is both illegal and unjust to petitioner.

The petition does not aver that the duties of the office

continue as they were prior to petitioner's appointment, and does not state what portion of relator's time has been taken up with the performance of the duties of the office, nor does it allege that the action of the council was factious. Bad faith or improper motive cannot be inferred from the facts stated, or presumed in the absence of statements upon which such an inference can be predicated; and we must therefore assume that good reasons existed for the reduction of the compensation from the former figure, and the payment of a merely nominal salary. When the petitioner was appointed, he knew that the salary of the office had not been fixed for the term for which he was appointed. His appointment and acceptance were subject, not only to the right of the council, but to its duty as well, to fix the salary. *Fournier* v. *West Bay City*, 94 Mich. 463.

The order of the court below denying the writ is therefore affirmed.

The other Justices concurred.